Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| PAULA LUCIA CISNEROS MELIA<br><br>PETICIONARIA<br><br>v.<br><br>MIGUEL OTERO, ESPOSA<br><br>RECURRIDOS | TA2025CE00898 | *Certiorari procedente del Tribunal de Primera Instancia de Bayamón*<br><br>Caso núm.: BY2025MU01145<br><br><br>SOBRE: ACECHO (LEY 284) |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de enero de 2026.

El 8 de diciembre de 2025, la señora Paula Lucia Cisneros Melia (la señora Cisneros Melia o la peticionaria) presentó, por derecho propio y de *forma pauperis*, ante nos una *Petición de Certiorari* en la que solicitó que revoquemos la *Resolución Final* emitida y notificada el 7 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Municipal de Bayamón (TPI o foro primario).[1]

En el aludido dictamen, el TPI ordenó el archivo y cierre del caso tras la peticionaria no presentarse en el foro primario el día en que estaba pautada la vista sobre la *Ley contra el acecho en Puerto Rico*, Ley Núm. 284-1999 (Ley de Acecho), 33 LPRA sec. 4013 *et. seq.*

Tras examinar con detenimiento el recurso de epígrafe, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de

---

[1] Entrada Núm. 2 del caso núm. BY2025MU01145 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Consecuentemente, procederemos a resolver el caso de autos sin la comparecencia del señor Miguel Otero y su cónyuge (parte recurrida).

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari.*

## I.

El caso de epígrafe tuvo su origen cuando el 6 de noviembre de 2025, la peticionaria radicó una *Petición de orden de protección* en la que alegó que ha sido víctima de robos y escalamientos en su hogar los cuales han sido perpetuados por la parte recurrida.[2] Adujo que, en ocasiones anteriores, el foro primario no le ha concedido la orden de protección dado que no hay constancia sobre los hechos que esta alega. Arguyó que, le notificó al FBI, al Departamento de Homeland Security, la Oficina de la Procuradora de la Mujer, al Negociado de la Policía y a la Oficina de la Gobernadora sobre los hechos que han ocurrido en su residencia. Sostuvo que, las agencias le indicaron que debe acudir al foro primario para que atienda la aparente situación que sufre. Por tanto, solicitó que el TPI le concediera la orden de protección.

El 7 de noviembre de 2025, el foro primario emitió una *Resolución final* en la que ordenó el cierre y archivo del caso tras la peticionaria no comparecer a la vista señalada por el foro a quo para atender la petición de la señora Cisneros Melia.[3]

Inconforme, el 8 de diciembre de 2025, la peticionaria acudió ante nos mediante una *Petición de Certiorari* en la que no formuló señalamientos de error. No obstante, mencionó hechos adicionales que no fueron contemplados por el *foro a quo* en la que argumentó que, ordenemos el arresto de la parte recurrida tras pertenecer a

---

[2] Entrada Núm. 1 del caso núm. BY2025MU01145 en el SUMAC.
[3] Entrada Núm. 2 del caso núm. BY2025MU01145 en el SUMAC.

una organización criminal liderada por dos (2) artistas reconocidos del género urbano que trafican órganos, embriones y personas a la República Dominicana. Arguyó que, la parte recurrida entró a su hogar tras excavar debajo de una verja en su hogar un hoyo para poder entrar. Adujo que, LUMA desconectó el servicio eléctrico de su casa y, por tanto, no puede obtener un video sobre los actos que realiza la parte recurrida en contra de ella. Con ello, enfatizó que el foro primario le ha denegado otras órdenes de protección a causa de la ausencia de servicio eléctrico. Sostuvo que, la parte recurrida estaba bajo la protección de la Gobernadora y, consecuentemente, el foro primario no atendió su reclamo. Señaló que, viajo a Estados Unidos para solicitarle al Presidente Donald Trump que atendiera su reclamo y gracias a ella, el señor Joseph González Falcón fue designado como Comisionado de la Policía. Además, alegó que le notificó a Jay Fonseca, Donald Trump y a la Lcda. Mayra López Mulero sobre el presente recurso. Por tanto, solicitó que atendamos sus alegaciones y ordenemos la orden de protección solicitada por esta.

En igual fecha, la peticionaria instó una *Solicitud para declaración de indigencia* en la que alegó que no cuenta con los recursos económicos para pagar los derechos arancelarios.

Ante ello, el 17 de diciembre de 2025, emitimos una *Resolución* en la que le concedimos a la peticionaria hasta las 10 a.m. del 19 de diciembre de 2025, para que sometiera la *Declaración en apoyo de solicitud para litigar como indigente (in forma pauperis)* en aras de poder evaluar si procedía eximirla del pago de aranceles.

No obstante, el 19 de diciembre de 2025 remitimos una *Resolución,* en la que le concedimos hasta las 11:30 a.m. del 23 de diciembre de 2025 para completar y someter la *Declaración de apoyo de solicitud para litigar como indigente* o en la alternativa pagar los aranceles correspondientes. Ello, dado que la peticionaria solicitó

que las notificaciones fueran enviadas a su dirección de correo postal y la *Resolución* emitida el 17 de diciembre de 2025, fue notificada a su correo electrónico. Asimismo, le advertimos que, de incumplir con lo anterior, podríamos desestimar el recurso.

Empero, el 30 de diciembre de 2025, la peticionaria radicó una *Moción en respuesta a Resolución emitida el 19 de diciembre de 2025* en la que acreditó su indigencia.

Por tanto, declaramos Ha Lugar la *Solicitud para declaración de indigencia* presentada por la peticionaria.

Así pues, de conformidad con la Regla 7 (B) (5) de nuestro Reglamento, *supra*, procederemos a disponer del recurso de autos dado que dicha regla nos permite prescindir de los escritos, tal como lo es el caso de marras.

**II.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá

revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla __ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al.,* *supra*; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 97.

**B.**

Es norma vigente que en apelación nos abstendremos de adjudicar cuestiones que no han sido atendidas en primera instancia ante el foro judicial o administrativo. *Trabal Morales v. Ruiz Rodríguez,* 125 DPR 340, 351 (1990); *García González v. Montero Saldaña,* 107 DPR 319, 332-333 (1978); *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 993 (2020). A causa de ello, resulta forzoso abstenernos de ejercer nuestra función revisora para atender asuntos que no fueron planteados ante el foro de instancia.

**III.**

En el caso de autos, la peticionaria argumentó que el TPI erró en no concederle la orden de protección que solicitó, toda vez que, carecía de tener un video para evidenciar los actos delictivos que la parte recurrida llevaba a cabo, como lo era la venta de órganos humanos. Asimismo, alegó que, el foro primario debió realizar la vista sobre la orden de protección solicitada por esta mediante videoconferencia. Añadió que, la juzgadora del *foro a quo* se tardó en atender su caso y, por tanto, fue archivado.

Luego de un examen sosegado del expediente ante nos, y en correcta práctica apelativa, colegimos que nos abstenemos de

ejercer nuestra función revisora y, de intervenir con la determinación del foro primario.

En primer lugar, la peticionaria no compareció a la vista pautada por el TPI para evaluar la solicitud de la orden de protección interpuesta por la peticionaria. En segundo lugar, dicha incomparecencia ocasionó que no podamos ejercer nuestra función revisora ante la ausencia de un dictamen del cual podamos revisar los alegados errores. En tercer lugar, tampoco surge del expediente en qué el foro primario erró en derecho u abuso de su discreción y, por tanto, esta Curia no está en posición para evaluar los méritos del recurso ante nos. Enfatizamos que, no surge del expediente ante nos que, la peticionaria haya acreditado mediante justa causa su incomparecencia a la vista señalada sobre la orden de protección.

Nos resulta forzoso concluir que, ante la incomparecencia de la peticionaria a la vista, es evidente que, el *foro a quo* no tuvo oportunidad para atender los asuntos informados en la etapa apelativa.

A la luz de lo esbozado, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones